MKC LAW GROUP

WWW.MKCLAWGROUP.COM
LAW OFFICES OF MICHAEL K. CHONG, LLC

NEW YORK:
32 EAST 57TH STREET, 8TH FL.
NEW YORK, NEW YORK 10022
(212) 726-1104
FAX (212) 726-3104

FORT LEE:
2 EXECUTIVE DRIVE, STE. 240
FORT LEE, NEW JERSEY 07024
(201) 947-5200
FAX (201) 708-6676

HOBOKEN:
300 HUDSON STREET. STE. 10
HOBOKEN, NEW JERSEY 07024
(201) 708-6675
FAX (201) 708-6676

** Please Reply to: FORT LEE*

EMAIL: MKC@MKCLAWGROUP.COM

June 9, 2026

*Via ECF; Total Pages: 2*
Hon. Eric N. Vitaliano, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Dardon v. Alric Parking LLC et al
Docket No.: 1:22-cv-04076-ENV-MMH

Dear Judge Vitaliano:

This office represents defendants ALRIC PARKING LLC, ANGELO MORDINI Sr., ANGELO MORDINI Jr., and EDUARDO CASADO, (collectively referred to as "Defendants") in the above referenced matter. Pursuant to Rule III. A. of Your Honor’s Individual Motion Practice and Rules, Defendants respectfully submit this letter motion for a pre-motion conference in anticipation of filing a new motion to dismiss the claims against defendants Angelo Mordini, Sr. and Angelo Mordini, Jr. (together, the “Mordini Defendants”) asserted in Plaintiff’s recently filed Amended Complaint (ECF 84) for failure to state a claim.

The Amended Complaint has not cured the deficiencies noted by Judge Henry at pages 8-12 of her well-reasoned Report & Recommendations (“R&R”) filed on March 24, 2026 (ECF 82) regarding any alleged employer-employee relationship between the Mordini Defendants and Plaintiff. Like the original Complaint, the Amended Complaint contains only vague and conclusory (though more numerous) allegations as to the existence of such alleged employer-employee relationship.

As a reminder, the Mordini Defendants have no affiliation with the plaintiff’s employer, defendant Alric Parking LLC (“Alric”) and are merely the landlords of the parking garage property leased to Alric and its owner/operator, defendant Eduardo Casado. The Mordini Defendants’ presence at the garage during Plaintiff’s employment arose simply from the fact that they had an office in the same building and parked their cars there.

While the Amended Complaint (“AC”) contains several new allegations of *anecdotal* interactions between the Mordini Defendants and the plaintiff at the parking garage where the plaintiff was employed, e.g., that Angelo Mordini, Sr. “routinely directed Plaintiff” and told Plaintiff “exactly

where to park certain cars" (AC, ¶ 47); and that Angelo Mordini, Jr. gave Plaintiff daily instructions about "envelopes to hand out to certain individuals" (AC, ¶ 56), the Amended Complaint still fails to allege, on the part of either of the Mordinis, any 'control over [the] company's actual "operations" in a manner that relates to [the] plaintiff's employment." *Tapia v. BLCH 3rd Ave. LLC*, 906 F.3d 58, 61 (2d Cir. 2018) (*quoting Irizarry v. Catsimatidis*, 722 F.3d 99. 109 (2d Cir. 2013).

Like the original Complaint, the Amended Complaint contains only vague and conclusory allegations relating to the "economic reality" factors enunciated in *Carter v Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984), e.g., that Angelo Mordini, Sr. "came to the parking lot where Plaintiff worked almost every day… to supervise Plaintiff and the operation of the parking garage." (AC ¶ 46); allegedly threatened to fire the plaintiff (AC, ¶ 52); that Angelo Mordini Jr. was the plaintiff's "boss" (AC, ¶¶ 54-55); and that the Mordini Defendants "had the final word about all decisions" relating to the parking garage operations (AC ¶ 60).

Just as Judge Henry emphasized, at pages 10-11 of her R&R, regarding the original Complaint's allegations, the Amended Complaint's conclusory recitations of the *Carter* factors "are insufficient to plausibly allege [each of] the Mordinis' status as Plaintiff's employers under the FLSA." (citing Aguilar, 2023 WL 5835829, at *3 (dismissing claims against individual defendant where the complaint alleged that they "would instruct the employees of Corporate Defendants including Plaintiffs how to perform their jobs" and "direct [] Plaintiffs where, when and how to perform their job duties responsibilities and functions each day"); *Ruixuan Cui v. E. Palace One, Inc*., No. 17-CV-6713 (PGG), 2019 WL 4573226, at *7 (S.D.N.Y. Sept. 20, 2019) (dismissing claims against individual defendants because the allegations in the complaint "pleads no 'specific facts' about the individual defendants' alleged management of the corporate defendants").

## CONCLUSION

For the above reasons, the Mordini Defendants as provided above are merely the landlord in this case to Alric Parking. They have no affiliation or ownership interest in defendant Alric Parking, the Plaintiff's actual employer. As such, Defendants respectfully request a pre-motion conference in anticipation of a new motion to dismiss Plaintiff's claims asserted against them in the Amended Complaint.

Respectfully submitted,

s/ *Michael K. Chong*
Michael K. Chong, Esq.

MKC/ab
cc: Plaintiff's counsel (*via ECF*)