**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

JOSE FERNANDO DARDON,

Plaintiff,

-against-

ALRIC PARKING LLC, ANGELO MORDINI SR., ANGELO MORDINI JR., and EDUARDO CASADO,

Defendants.

Case No. 1:22-cv-04076-ENV-MMH

**AFFIRMATION OF WILLIAM CAFARO IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD**

WILLIAM CAFARO, an attorney duly admitted to practice law in the State of New York and before this Court, affirms the following to be true under penalty of perjury:

1. I am the principal of the Law Offices of William Cafaro, counsel of record for plaintiff Jose Fernando Dardon. I am fully familiar with the facts and proceedings set out below. I submit this affirmation in support of the motion of this firm and of Colin Mulholland, Esq., to be relieved as counsel of record for plaintiff under Local Civil Rule 1.4(b).

***Mr. Mulholland's role in this matter***

2. Colin Mulholland, Esq., has acted as Of Counsel to this firm in this matter. He appeared for plaintiff on May 4, 2026 at ECF No. 86, at this firm's request and in support of this firm's representation. He holds no separate retainer agreement with plaintiff and has no engagement with plaintiff independent of this firm's representation. He joins in this motion and asks to be relieved on the same terms. Plaintiff's discharge letter, Exhibit 1, discharges Mr. Mulholland along with this firm.

***Satisfactory reasons for withdrawal***

3. An irreconcilable difference has arisen between plaintiff and his attorneys as to the manner in which this case should proceed going forward. The difference goes to the objectives of the representation and to the means of pursuing them. Counsel has attempted to resolve it with plaintiff and has been unable to do so. It is not a difference that further discussion will bridge, and counsel cannot continue to represent plaintiff effectively while it persists.

4. I have not set out the substance of the difference here. Doing so would require disclosing communications protected by the attorney-client privilege and information that Rule 1.6 of the New York Rules of Professional Conduct obliges counsel to keep confidential. If the Court wishes further detail, counsel respectfully requests leave to submit it in camera or under seal.

5. On September 15, 2026, plaintiff signed a letter discharging this firm and Mr. Mulholland as his attorneys. In that letter plaintiff states that he acts of his own free will, that he intends to represent himself and act as his own attorney until such time as he retains other counsel, that he consents to this motion, and that he consents to the letter being filed with the Court. The letter is written in English and in Spanish. Spanish is plaintiff's primary language. *See*, Exhibit 1.

6. Withdrawal is accordingly both required and permitted under the New York Rules of Professional Conduct. Rule 1.16(b)(3) directs that a lawyer shall withdraw where the lawyer is discharged by the client. Rule 1.16(c)(4) permits withdrawal where the client insists upon taking action with which the lawyer has a fundamental disagreement. Rule 1.16(d) requires counsel to obtain the tribunal's permission to withdraw where the tribunal's rules so provide, and Local Civil Rule 1.4(b) so provides.

***Posture of the case***

7. Plaintiff commenced this action on July 12, 2022, asserting claims for unpaid wages under the Fair Labor Standards Act and the New York Labor Law. Defendants answered on October 7, 2022. On March 24, 2026, the Magistrate Judge issued a Report and Recommendation on defendants' motion for judgment on the pleadings (ECF No. 82). Plaintiff filed a First Amended Complaint on April 6, 2026 (ECF No. 84).

8. This firm has represented plaintiff since the commencement of this action. It first appeared for plaintiff on July 12, 2022 by filing the summons and complaint. *See* Local Civ. R. 1.4(a). Louis Leon, Esq., and Amit Kumar, Esq., who previously appeared on the docket for plaintiff, are no longer employed by this firm. By order of 7/7/25, the Court granted Mr. Leon's motion to withdraw, *see*, DE 79, and order dated December 1, 2025, Mr. Kumar's motion to be relieved was also granted, *see* DE 81. The undersigned filed a notice of appearance on November 20, 2025 (ECF No. 80), and Mr. Mulholland appeared on May 4, 2026 (ECF No. 86).

9. On May 28, 2026, the Court referred the parties to mediation. By Order dated July 31, 2026, the Court directed that mediation be completed by September 21, 2026 and that the parties file a joint status report by September 28, 2026, and cautioned that further extensions are unlikely absent extraordinary circumstances. By Order dated August 5, 2026, the Court noted that mediation was scheduled for September 10, 2026 before mediator Terri M. Solomon and that all remaining deadlines in the July 31, 2026 Order remain in effect. Mediation was held on September 10, 2026 but did not resolve the case.

10. Defendants' request for a pre-motion conference on a proposed motion to dismiss the claims against Angelo Mordini (ECF No. 89) and plaintiff's opposition (ECF No. 90) are pending. No trial date has been set.

11. Counsel is mindful of the Court's July 31, 2026 Order and does not make this application lightly or for delay. The difference between plaintiff and his attorneys arose only recently, and counsel has brought it to the Court promptly rather than letting the September deadlines pass. Counsel respectfully submits that a plaintiff who has just become unrepresented cannot meaningfully complete a joint status report by September 28, 2026, and asks the Court to adjourn that date and to allow plaintiff thirty days to retain new counsel.

12. Granting this motion will not otherwise prejudice plaintiff. This firm will deliver the complete case file to plaintiff promptly and will cooperate with any substitute counsel he retains. Plaintiff's claims are unaffected by the change in representation.

***No retaining or charging lien is asserted***

13. Local Civil Rule 1.4(b) requires the motion to state whether the withdrawing attorney asserts a retaining or charging lien. Neither the Law Offices of William Cafaro nor Mr. Mulholland asserts retaining lien or a charging lien against plaintiff, against this action, or against any recovery in it. Both waive any such lien. Both further waive any claim for recoupment of the disbursements and costs this firm has advanced in the prosecution of this action, including the filing fee and service of process. Plaintiff will owe this firm nothing, and the complete case file will be released to him without condition.

***Plaintiff's contact information for the docket***

14. Plaintiff's address, telephone number, and email address for service and for the Clerk's records are:

Jose Fernando Dardon
14-24 119th Street, 1st Floor
College Point, New York 11356
Tel.: (929) 497-5614
Email: ferdardon4@gmail.com

***Service***

15. A copy of this motion, with the annexed exhibit, is being served on plaintiff at the address above by first-class mail, and on all other parties through the Court's electronic filing system. A certificate of service on plaintiff is being filed on the docket, as Local Civil Rule 1.4(b) requires.

WHEREFORE, the Law Offices of William Cafaro, William Cafaro, Esq., and Colin Mulholland, Esq., respectfully request that the Court grant the relief sought in the accompanying notice of motion, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 25, 2026

______________________________
William Cafaro, Esq.